LEONARD SCHLOSSBERG, Personal Representative of
the Estate of Lena S. Jacobs *v.* LOTTIE
SCHLOSSBERG, Personal Represen-
tative of the Estate of Albert
Schlossberg et al.

[No. 32, September Term, 1974.]

*Decided August 19, 1974.*

528

The cause was argued before GILBERT. MENCHINE and DAVIDSON, JJ.

*Shale D. Stiller,* with whom were *J. Darby Bowman, Jr.,* and *Frank, Bernstein, Conaway & Goldman* on the brief, for appellant.

*John Noble,* with whom were *Vivian V. Simpson* and *Simpson & Simpson* on the brief, for appellee Lottie Schlossberg, Personal Representative of the Estate of Albert Schlossberg. *Leonard W. Burka* for other appellee.

MENCHINE, J., delivered the opinion of the Court.

On March 8, 1973 Leonard Schlossberg (Personal Representative) was granted administrative probate upon the last will and testament of Lena S. Jacobs, deceased, dated October 18, 1969, and a first codicil of the said Lena S. Jacobs, dated August 18, 1971. On May 7, 1973 Personal Representative petitioned for judicial probate, referring therein to a second codicil for the first time. The petition conceded that the second codicil had been in his possession from the date of its execution on January 25, 1973. Hearing upon the petition for judicial probate has not been had.

Testamentary disposition under the will materially was altered by the provisions of both the first and the second codicils as shown by the following summary:

*Will*

(Primary beneficiaries having survived the testatrix, contingent beneficiaries will not be named.)

1. Tangible personal property to Gertrude Auerbach.
2. Real Property (if owned):

    1/3 to Paul Schlossberg;
    1/3 to Esther Lipson;
    1/3 to Gertrude Auerbach.

3. $5,000 to Rose Harris.
4. Rest and residue to Leonard Schlossberg.

*First Codicil*

1. Bequest of tangible personal property to Gertrude Auerbach under the will was revoked.
2. Disposition of real property (if owned) under the will was revoked and disposed of as follows:

    1/2 to Paul Schlossberg;
    1/2 to Esther Lipson.

(First codicil disinherited Gertrude Auerbach.)

*Second Codicil*

Paul Schlossberg disinherited.

On August 10, 1973 Paul Schlossberg (Paul), brother of the decedent, asserting that he was an heir at law of Lena S. Jacobs, filed a petition to caveat directed against the will and both codicils. His attack questioned the execution of the documents; charged their procurement by undue influence exercised and practiced by Leonard Schlossberg; asserted that the decedent was of unsound mind and incapable of executing a valid deed or contract; alleged that they were procured by fraud exercised and practiced by Leonard Schlossberg; alleged that the documents did not represent and constitute the last will and testament of the decedent;

alleged that the meaning, intent and consequences of the documents were not understood by her; alleged that she did not have a full understanding or memory of those who were the natural objects of her bounty; alleged that she did not have a full understanding or comprehension of the extent and nature of her estate; and alleged that because of advanced age and infirmities of body and mind that the decedent was unable to comprehend the nature and extent of her estate, and to know and appreciate the consequences of her acts. In added attack upon the second codicil, his petition alleged that at the time of its execution decedent was terminally ill from kidney failure, was not in control of her faculties and was incapable of executing a valid codicil.

On September 24, 1973 and September 28, 1973 respectively, Albert Schlossberg (Albert) and Gertrude Auerbach (Gertrude) filed separate petitions to caveat the will and both codicils. Those petitions, each alleging that the individuals were heirs at law, asserted substantially the same grounds previously recited in Paul's petition to caveat.

The Personal Representative filed separate motions to dismiss the caveats of Albert and Gertrude to the extent that those caveats sought to contest the will and the first codicil, upon the ground that the petitions were not timely filed as to those testamentary documents. The Personal Representative has mounted no attack upon the timeliness of the caveat of Paul Schlossberg.

After a hearing upon the motion to dismiss the caveats of Albert and Gertrude as to the will and the first codicil, the Circuit Court for Montgomery County, sitting as the Orphans' Court, passed the following order:

"This cause was heard in open Court on January 17, 1974. Albert Schlossberg and Gertrude Auerbach have filed caveats and the personal representative of the estate, Leonard Schlossberg is resisting same as being not timely filed. The Court concludes that the caveats were timely and it is thereupon, by the Circuit Court for Montgomery County, Sitting as the Orphans' Court,

"ORDERED, on this 29th day of January, 1974, that the Personal Representative's Motion to Dismiss the Petitions and Caveats is hereby denied, and because of the inventory of assets and the appraisals filed with the Court, it is further

"ORDERED, that the nominal bond of $15,000.00 filed with the Court be increased to the sum of $203,000.00 pending a Court hearing as to the Petition for Judicial Administration."

The Personal Representative has appealed, contesting the propriety of the denial of his motions to dismiss. He contests also the *sua sponte* order of the trial court increasing the penalty of his bond. Appellees, in their brief, have moved to dismiss the appeal as prematurely taken. Maryland Rules 1035 and 1036. We shall separately discuss those two questions in passing upon the motion to dismiss this appeal.

### The Caveats of Albert and Gertrude

Appellees maintain that the order sustaining their right to a trial upon the merits was not a final order and hence the present appeal is premature and must be dismissed. It is facially apparent that the order relating to the subject caveats was not final. Appellant urges, however, that the decision in *Safe Deposit and Trust Co. v. Hanna,* 159 Md. 452, 150 A. 870, sustains his present right to appeal.

*Safe Deposit and Trust v. Hanna, supra,* recognized the right of an executor to appeal from an order of the Orphans' Court declaring "that the appellee was not precluded from caveating the will of his deceased father." 454 [871] The Court of Appeals there rejected a motion to dismiss the appeal that had been grounded upon a contention that it was not a final order, saying at page 455 [871]:

"* * * The order here appealed from determined the proper parties to the caveat proceeding, determined the issues to be tried, and directed that they be sent to a court of law. *No tribunal other than this court has jurisdiction to review such an order of the orphans' court. In no appeal from the result of a*

*trial, in a court of law, of the issues transmitted from the orphans' court, could this question be here reviewed. It could form no part of the record in the lower court.*" (Italics supplied.)

We conclude that this decision must be narrowly construed and find that it has no application to the subject litigation. A subsequent amendment to the Constitution of Maryland and legislative changes incident to that amendment have destroyed its relevance to the subject case.

Chapter 744 of the Acts of 1963 proposed and the people of Maryland in the election of November 3, 1964 ratified, the following amendment to Article IV, Section 20 of the Constitution of Maryland:

"The several judges of the Circuit Court for Montgomery County on and after the Tuesday next after the first Monday in November, nineteen hundred and sixty-six, shall each, alternately and in rotation and on schedules to be established by the said judges, sit as an Orphan's Court for said County, and shall have and exercise all the power, authority and jurisdiction which the present Orphans' Courts now have and exercise, or which may hereafter be prescribed by law."

The following pertinent part of Chapter 699 of the Acts of 1966 implemented that amendment:

"Instead of a direct appeal to the Court of Appeals pursuant to Section 9 of this article, any party may appeal to the circuit court for the county or to the Superior Court of Baltimore City from any decree, order, decision, or judgment of an orphans' court; *provided, however, that there shall be no appeal to the Circuit Court for Montgomery County from a decree, order, decision or judgment of the Orphans' Court for Montgomery County.* Any such appeal shall be heard de novo by said circuit court or Superior Court, as the case may be, and such court shall give judgment according to the equity of

the matter. From the final judgment or determination of said circuit court or Superior Court there shall be a further right of appeal to the Court of Appeals pursuant to the provisions of Section 1 of this article. (Italics indicate the legislative change.)

The statutory law relating generally to appeals to this Court from the Orphans' Courts as presently codified in the Courts and Judicial Proceedings Article of the Annotated Code of Maryland, reads as follows:

"*Subtitle 5. Review of Decisions of Orphans' Courts.*

§ 12-501. *Appeal to Court of Special Appeals.*

A party may appeal to the Court of Special Appeals from a final judgment of an orphans' court. However, if the final judgment was given or made in a summary proceeding, and on the testimony of witnesses, an appeal is not allowed under this section unless the party desiring to appeal immediately gives notice of his intention to appeal and requests that the testimony be reduced to writing. In such case the testimony shall be reduced to writing at the cost of the party requesting it."

The alternative right of appeal to other courts (expressly inapplicable to Montgomery County) as presently codified, reads as follows:

"§ 12-502. *Appeal to circuit court or Superior Court of Baltimore City.*

(a) *In general; exception in Montgomery County.* — Instead of a direct appeal to the Court of Special Appeals pursuant to § 12-501, a party may appeal to the circuit court for the county or to the Superior Court of Baltimore City from a final judgment of an orphans' court. The appeal shall be heard de novo by the appellate court, and it shall give

judgment according to the equity of the matter. This subsection does not apply to Montgomery County."

The basis for the decision announced in *Safe Deposit v. Hanna, supra,* was that, unless jurisdiction had been recognized by the Court of Appeals as to that particular interlocutory or *pro forma* order of the Orphans' Court, no appellate review of the decision would have been accorded to the litigants. The cited constitutional and statutory changes have had the effect, in Montgomery County, of assuring opportunity for appellate review by this Court of every order passed by that circuit court sitting as an orphans' court. Under those altered conditions the decision is without influence here. We hold that the subject case is controlled by the general rule, that "appeals [from an orphans' court] shall be taken only from final orders or decisions, those actually settling rights of the parties." *Collins v. Cambridge Hospital,* 158 Md. 112, 116, 148 A. 114, 116.

The conclusion we have stated is bolstered by the existence of Maryland Rule 605 that reads as follows:

> "*Rule 605. Multiple Claims—Judgment Upon. ... Gen'l.*
>
> a. *When Entered — As to Part or All.*
>
> Where more than one claim for relief is presented in an action, whether as an original claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims."

We do not, in this case, find it necessary to pass upon the question whether the definition of the word "action" in the above rule is broad enough to encompass within it, adjudications of less than all claims by Orphans' Courts. We do know, however, that the purpose sought to be subserved by that rule is avoidance of confusion, delay and expense caused by multiple appeals. *Durling v. Kennedy,* 210 Md. 549, 554, 123 A. 2d 878, 880; *Burns v. Goynes,* 15 Md. App. 293, 304, 290 A. 2d 165, 170.

We know also that final determination of the rights of all concerned in the subject litigation will result from the trial of the unquestioned caveat filed by Paul Schlossberg. The issues raised by the caveats of Albert and Gertrude will be decided by that determination. See Code Art. 93, § 5-207(a); *Pleasants v. McKenney,* 109 Md. 277, 291. The appeal from that part of the lower court's order dealing with the timeliness of the petitions of Albert and Gertrude will be dismissed as prematurely filed.

## *The Increased Bond*

The court below *sua sponte* increased the bond of the Personal Representative. We hold, for the reasons stated *infra,* that the procedural prerequisites to the passage of such an order were not had and that the same must be vacated without prejudice.

Statutes governing administration of decedents' estates were repealed and re-enacted with substantial changes by Chap. 3 of the Acts of 1969. The legislation was enacted following studies and recommendations by the Governor's Commission to Review and Revise the Testamentary Law of Maryland.

The propriety of the order increasing the bond is controlled by Section 6-102, subsections (a), (c) and (g) and by appropriate parts of Maryland Rule H 6 (incorporated by reference in subsection (g).) They read as follows:

"§ *6-102. Bond.*
    (a) *When    required.*    —    Every    personal

536

representative shall execute a bond to the State of Maryland for the benefit of all interested persons and creditors with a surety or sureties approved by the register, unless such bond is expressly excused by the decedent's will or by the written waiver of all interested persons. Although a bond may not be required as a condition of the appointment of a personal representative, *the court may require such bond at any time during the administration upon the petition of an interested person or creditor and for good cause shown.* Whenever a personal representative is excused from giving bond, a bond shall nevertheless be given in an amount which the register or the court considers sufficient to secure the payment of the debts and Maryland inheritance taxes and taxes on executors' commissions payable by the personal representative, and the bond shall be conditioned accordingly.

(c) *Penalty.* — The penalty sum of such bond shall be fixed by the court or register in an amount not exceeding the probable maximum value of the personal property of the estate at any time during administration less (1) the market value, as determined by the court, of any collateral posted with the court by the personal representative and (2) the amount of cash belonging to the estate if deposited with a banking institution approved by the court in an account expressly made subject to withdrawal only in such manner as shall be approved by the court. The penalty sum may be *increased or decreased by the court at its discretion for good cause* at any time during administration.

(g) *Additional or new security; countersecurity; remedy.* — (1) Requirement. *The court may require additional security, new security and countersecurity in accordance with the procedure set forth in Maryland Rule H6.*" (Italics supplied.)

The pertinent part of Rule H6 reads as follows:

## "RULE H6. APPLICATION OF SURETY OR OTHER INTERESTED PERSON FOR RELIEF.

b. *By Other Interested Person.*

*A person interested in an action in* which a bond has been filed may petition the court for additional surety, or for removal of an existing surety and substitution of a new surety therefor." (Italics supplied.)

There is a fundamental rule of construction that all parts and sections of a statute must be read and considered together in arriving at the true intention of the Legislature when they form part of a general system or scheme. *Parker v. Junior Press Printing,* 266 Md. 721, 725, 296 A. 2d 377, 379, and cases therein cited.

We are persuaded that the recited provisions when read together compel the conclusion that it was the legislative intent and purpose that the bonds of personal representatives may be increased (after having initially been fixed by the orphans' court or register of wills) only upon petition filed by an interested person and for good cause shown.

The record shows that the procedural requirements dictated by the cited subsections of Article 93, Section 6-102 and by Maryland Rule H6 were not followed, nor was the basis for decision shown. Accordingly, we will vacate that part of the order of January 29, 1974 that increased the bond of Personal Representative, without prejudice to the initiation of proceedings for additional security by any interested person.[1] Our decision here, dealing exclusively

---

1. "(f) *'Interested person'* means (1) a person named as executor in a will, and a person serving as personal representative after judicial or administrative probate; (2) a legatee in being, whether his interest is vested or contingent, until his legacy is paid in full, and (3) an heir even if decedent died testate except than an heir of a testate decedent ceases to be an 'interested person' after the completion of administrative or judicial probate (unless judicial probate is requested subsequent to the completion

with a procedural deficit, must not be interpreted as intended to influence any ultimate decision by the Circuit Court for Montgomery County sitting as the Orphans' Court, if or when the bond question is considered on the merits.

> *Appeal dismissed as to that part of the order below denying personal representative's motions respecting the caveats of Albert Schlossberg and Gertrude Auerbach; that part of order below that increased the bond of personal representative is vacated without prejudice.*
>
> *Costs to be paid out of the estate.*

---

of administrative probate, and then after the completion of the judicial probate). 'Interested person' includes a person as above defined who is (i) a minor or other person under disability, or (ii) the judicially appointed guardian, committee, conservator or trustee for such person, if any, and if none, then the parent or other person having assumed responsibility for such person." Art. 93, § 1-101.