DIENER ENTERPRISES, INC. *v.* MILLER ET AL.

[No. 27, September Term, 1972.]

*Decided October 18, 1972.*

The cause was argued before MURPHY, C. J., and BARNES, MCWILLIAMS, SINGLEY, SMITH and DIGGES, JJ.

*Eugene P. Smith,* with whom were *M. William Adelson, Leonard T. Kardy* and *Andrew E. Adelson* on the brief, for appellant.

*Thomas Penfield Jackson,* with whom were *Arthur C. Elgin, Jr.,* and *Jackson, Gray & Laskey* on the brief, for appellees.

DIGGES, J., delivered the opinion of the Court.

We do not reach the merits of the controversy in this case because we conclude that the "judgment" from which this appeal is taken is neither final under Maryland Rule 605 a, nor is it one of the appealable interlocutory orders

or judgments permitted by Article 5 of the Maryland Code (1957, 1968 Repl. Vol.).

This litigation was initially instituted in the Circuit Court for Montgomery County as a complaint in equity filed by appellant, Diener Enterprises, Inc., against appellees, Gerald J. Miller, E. Fulton Brylawski and Melvin Lenkin, individually and trading as Nicholson Avenue Associates. Diener, through the equity suit, sought to void its purchase from appellees of Lot 3 located in the Bethesda Industrial Center; enjoin foreclosure of a deed of trust given to secure an unpaid portion of the lot's purchase price; and obtain indemnity for losses sustained as a result of allegedly false representations made by Associates in connection with that sale. Appellant claimed that it was fraudulently misled concerning the permissible uses of the lot under the then existing Montgomery County zoning laws and regulations.

Before the equity case was decided, the property was sold under a first deed of trust which had priority over the rights of all parties to this case. At appellant's request, Judge Miller then ordered the proceedings transferred to the law docket (Rule 515) with direction that an appropriate action be filed within fifteen days. Diener complied by filing a declaration containing two counts. The first alleges that appellant was induced to purchase Lot 3 at a price far in excess of its true value as a result of the fraud, deceit, and misrepresentations employed by Associates to sell the property and demands $650,000 in damages. The second count repeats most of the factual allegations of the first and seeks damages in the same amount for breach of the contract by which Diener purchased the lot from appellees.

Following a hearing Judge Miller concluded that the decision of this Court in *Marathon Builders, Inc. v. Polinger*, 263 Md. 410, 283 A. 2d 617 (1971) prevented a recovery by Diener under the first count of its declaration and granted appellees' motion for summary judgment on that count. At the same time, the judge denied a similar motion as to the second count and a counterclaim. Ad-

ditionally, Judge Miller directed "under Rule 605, the immediate entry of a final judgment in count one, and that there is an express determination by the Court that there is no reason for delay, and an express determination for an entry of judgment in favor of the defendants on that count." Armed with this order, appellant filed an immediate appeal. We are of the opinion, however, that the appeal from this order or "judgment" is premature as it is not sanctioned by Rule 605. Subsection a of that rule states:

> "Where more than one claim for relief is presented in an action, whether as an original claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims."

This rule was modeled after Rule 54 (b) of the Federal Rules of Civil Procedure and uses substantially the same language. This renders interpretations of the federal rule especially persuasive as to the meaning of the Maryland rule. *Cf. Funger v. Mayor of Somerset,* 244 Md. 141, 223 A. 2d 168 (1966).

It is as clear to us as it was to the federal courts interpreting their similar rule that there is a condition precedent to entry of an appealable judgment under Rule 605 a. And, this requires that there be more than one claim [1] made in the action. When there is but one claim

---

1. Under Maryland Rule 605 a multiple claims include multiple

the rule cannot be invoked so as to confer jurisdiction upon an appellate court. *See Backus Plywood Corp. v. Commercial Decal. Inc.,* 317 F. 2d 339 (2d Cir. 1963), *cert. denied,* 375 U. S. 879, 84 S. Ct. 146, 11 L.Ed.2d 110; *Bowling Machines, Inc. v. First National Bank of Boston,* 283 F. 2d 39 (1st Cir. 1960). It is just as obvious to us that as an appellate court, we must, *ex mero motu,* recognize our lack of jurisdiction arising from the improper application of Rule 605 a and dismiss the appeal. *Tedrow v. Ford Motor Co.,* 260 Md. 142, 271 A. 2d 688 (1970); *Picking v. State Finance Co.,* 257 Md. 554, 263 A. 2d 572 (1970); *United Bonding Ins., Co. v. Stein,* 410 F. 2d 483 (3d Cir. 1969); *Bush v. United Benefit Fire Insurance Co.,* 311 F. 2d 893 (5th Cir. 1963). An examination of pertinent federal decisions demonstrates that even in those cases where the trial judge has discretionary authority under the rule, his exercise of discretion does not preclude review by an appellate court. *Sears Roebuck & Co. v. Mackey,* 351 U. S. 427, 76 S. Ct. 895, 100 L. Ed. 1297 (1956); *RePass v. Vreeland,* 357 F. 2d 801 (3d Cir. 1966); *Columbia Broadcasting System, Inc. v. Amana Refrigeration,* 271 F. 2d 257 (7th Cir. 1959), *cert. denied,* 362 U. S. 928, 80 S. Ct. 756, 4 L.Ed.2d 747 (1960); *Gass v. National Container Corporation,* 271 F. 2d 231 (7th Cir. 1959); *Flynn & Emrich Company v. Greenwood,* 242 F. 2d 737 (4th Cir. 1957), *cert. denied,* 353 U. S. 976, 77 S. Ct. 1060, 1 L.Ed.2d 1137. This permits the appellate court to determine if there is anything in the record which establishes the existence of any hardship or unfairness which would justify discretionary departure from the usual rule establishing the time for appeal. Upon the record here it is questionable if there exists any such compelling reason to provide for a piecemeal appeal. As a guide to trial judges, we suggest that when they contemplate utilizing the provisions of Rule 605 a to enter an appealable judgment they exercise considered discretion.

parties. *Tedrow v. Ford Motor Co.,* 260 Md. 142, 271 A. 2d 688 (1970); *Picking v. State Finance Co.,* 257 Md. 554, 263 A. 2d 572 (1970).

In doing so, they should balance the exigencies of the case before them with the policy against piecemeal appeals and then only allow a separate appeal in the very infrequent harsh case. *Panichella v. Pennsylvania Railroad Company*, 252 F. 2d 452 (3d Cir. 1958), *cert. denied*, 361 U. S. 932, 80 S. Ct. 370, 4 L.Ed.2d 353 (1960).

We dismiss this appeal, however, not because the trial judge abused his discretion but because he lacked authority in this case to enter an appealable judgment under Rule 605 a. Here, the condition precedent required for the invocation of that rule was not satisfied. We conclude that the "claims" stated by using two counts is actually but one claim that was framed in two ways so as to present either one of two legal theories for one recovery. "A single claimant presents multiple claims for relief when his possible recoveries are more than one in number and not mutually exclusive. . . . But where a claimant presents a number of legal theories, but will be permitted to recover on at most one of them, his possible recoveries are mutually exclusive, and he has but a single claim for relief." W. Barron and A. Holtzoff, 3 *Federal Practice and Procedure*, Rules Edition, § 1193, p. 28 (Rev. ed. C. Wright 1958). The existence of multiple claims ultimately depends upon whether the "aggregate of the operative facts" presented states more than one claim which can be separately enforced. *Rieser v. Baltimore and Ohio Railroad Company*, 224 F. 2d 198 (2d Cir. 1955), *cert. denied*, 350 U. S. 1006, 76 S. Ct. 651, 100 L. Ed. 868 (1956). Applying this test, we can perceive but one claim—the two counts here being merely variations of legal theories upon which there can be but a single recovery. *Edney v. Fidelity and Guaranty Life Insurance Company*, 348 F. 2d 136 (8th Cir. 1965) ; *Rabekoff v. Lazere & Co.*, 323 F. 2d 865 (2d Cir. 1963) ; *Cmax, Inc. v. Drewry Photocolor Corporation*, 295 F. 2d 695 (9th Cir. 1961). The two counts allege substantially the same facts and are based on the same transaction evidenced by the contract and deed conveying Lot 3 from Associates to Diener. While the first count is in fraud and deceit and the second is

for breach of contract, the duties of the parties under each count spring from the same instruments and there is but one recovery requested. In fact, at oral argument, appellant conceded there could be but one recovery.

It certainly would not be good judicial administration to have both this Court and the circuit court simultaneously passing upon what in substance is one claim.

*Appeal dismissed. Costs to abide the final result.*