## HARFORD SANDS, INC. *v.* LEVITT & SONS, INC.

[No. 630, September Term, 1974.]

*Decided September 5, 1975.*

The cause was argued before POWERS and LOWE, JJ., and JOHN C. ELDRIDGE, Associate Judge of the Court of Appeals, specially assigned.

*Peter Parker,* with whom were *Gordon W. Priest, Jr.* and *White, Page & Lentz* on the brief, for appellant.

*Robert J. Carson,* with whom were *M. King Hill, Jr., Edward J. Adkins* and *Smith, Somerville & Case* on the brief, for appellee.

ELDRIDGE, J., delivered the opinion of the Court.

This appeal is taken from a "judgment" purportedly entered pursuant to Maryland Rule 605 a, which allows "entry of a final judgment upon one or more but less than all of the claims [for relief presented in an action] only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Because we do not believe that the "judgment" is a final appealable judgment under Rule 605 a, we shall dismiss the appeal.

The appellant, Harford Sands, Inc., filed suit in the Circuit Court for Harford County seeking monetary damages from and an injunction against the appellee, Levitt and Sons, Inc.

Harford Sands' declaration contained three counts which alleged that Levitt had intentionally caused certain damage to Harford Sands' property. (Count I — Trespass); that Levitt had negligently damaged Harford Sands' property (Count II — Negligence); and that the continuing nature of the damage constituted a nuisance (Count III — Nuisance). All three counts of the declaration alleged specifically that "[c]ommencing on or about April 1, 1968, and continuing to the present date, defendant intentionally [or in the alternative negligently], has caused or permitted water, silt, sand, gravel, debris and various by-products of its building operation to flow or run-off onto the property of plaintiff which lies immediately adjacent to defendant's business premises." Harford Sands' declaration also alleged with respect to all three counts that Levitt had removed topsoil from Harford Sands' property and had deposited earthfill and other debris on its property. According to the declaration, these actions of Levitt resulted in the destruction of trees on Harford Sands' property; "accumulation of debris on plaintiff's property, destruction or damage of a portion of plaintiff's elaborately located survey line; erosion of plaintiff's land; extermination by suffocation of numerous fish located in a pond on plaintiff's property; accumulation of sand and silt and other by-products in quantities measured in the tens of thousands of tons; destruction of [a] road on plaintiff's property; extensive siltation of the streams which pass through the plaintiff's property; and pollution of stream waters, lower marsh areas and 'wetlands' by heavy deposits of building by-products." The declaration further alleged that the volume of discharge had increased since 1968, and that Harford Sands had expended substantial unreimbursed sums of money "to correct or repair the damages to its property for which defendant has been responsible." Harford Sands demanded $250,000 in damages under both Counts I and II of its declaration, and requested an injunction requiring Levitt to halt the flow of water, sand and other harmful substances onto Harford Sands' property under Count III.

Upon the suggestion and affidavit on behalf of Levitt, the case was removed to the Circuit Court for Baltimore County.

Harford Sands' declaration was later amended by adding to Count I (Trespass) and Count III (Nuisance), allegations that Levitt had intentionally installed a sewage disposal relief valve on Harford Sands' property which released untreated sewage and that Levitt had begun construction of houses on land adjoining Harford Sands' tract without filing a required sedimentation control plan. Harford Sands' declaration was also amended by increasing the amounts demanded under both Counts I and II to $800,000, and by adding a request that Levitt be ordered by the injunction requested under Count III to remove the sewage disposal relief valve from Harford Sands' property.

Following a pre-trial conference, the circuit court pursuant to Maryland Rule 502 ordered that the legal question of the effect of the Harford County zoning ordinance on Harford Sands' "right to mine sand on the part of the property involved in this case where the Defendant has dumped dirt" would be decided separately by the court. The parties formulated an agreed statement of facts "for the sole purpose . . . of determining the question of law hereinafter stated in advance of trial." The question of law presented was stated by the parties in the following words:

> "In determining damages to which Harford Sands may be entitled because of the encroachment of earth on its land as a result of Levitt's grading operations, is Harford Sands, in presenting evidence of its damages, subject to the restrictions on its mining operations on its property contained in the present Zoning Ordinance, or may Harford Sands mine up to the property line without being subject to said restrictions?"

Harford Sands filed a motion for a "partial summary judgment" with respect to this issue of law.

On August 1, 1974, a hearing was held on the issue of law presented by the parties. On the same day, the circuit court

rendered its opinion in which it concluded that certain setback requirements contained in the Harford County zoning ordinance were applicable to prevent Harford Sands from mining sand within about 60 feet of the property line between its and Levitt's tracts and that the setback requirements were constitutionally valid. On August 9, 1974, the court entered a "partial summary judgment" in favor of Levitt and declared that "Harford Sands, Inc. . . . has sustained no compensable injury or damage by virtue of any inability to mine in or under the area of its property lying within . . . [the distances set forth in the setback requirements of the zoning ordinance] due to any encroaching dirt placed on or over said area by Levitt." The judgment provided that "the Court . . . [has] determined, pursuant to Rule 605 a of the Maryland Rules of Procedure and without objection by either party to such determination, that there is no just reason for delay in entering final judgment upon the issues involved in said Motion for Partial Summary Judgment."

An appeal to this court from the circuit court's order was taken by Harford Sands. The issues presented to us by both appellant and appellee are whether the circuit court properly construed the Harford County zoning ordinance in holding that the setback requirements were applicable to mining on Harford Sands' property and whether such an application of the zoning ordinance is constitutionally permissible. We do not reach these issues presented by the parties for the reasons stated below.

Neither the appellant nor the appellee presented the issue of whether this court has jurisdiction to decide the appeal. When, at oral argument, we raised the issue of our jurisdiction, counsel for both parties urged us to decide the case on the merits. However, the "jurisdiction of this Court is statutory and may not be conferred by consent of the parties." *Wright v. Nugent,* 23 Md. App. 337, 356, 328 A. 2d 362 (1974). *See also Blocher v. Harlow,* 268 Md. 571, 578, 303 A. 2d 395 (1973). It is our duty to raise and decide, where appropriate, the issue of our jurisdiction over cases appealed to us. Maryland Rule 1035 a 2. Therefore, we have

considered the propriety, under Rule 605 a, of this appeal, and conclude that the appeal must be dismissed.

An appeal of the decision resulting from a separate trial of an issue of law cannot normally be appealed until the conclusion of the entire litigation of which the separate trial is a part. Maryland Rule 502 a provides:

> "At any stage of the action, the court may, on application of any party or of its own motion if it shall appear that there is a question of law which it would be convenient to have decided before going further, direct such question to be raised for the court's decision in such manner as the court may deem expedient. All such further proceedings as may be rendered unnecessary by the decision of such question shall upon the decision be stayed. *Such proceedings as show the questions so decided and the decision thereon shall form a part of the record and be reviewable upon appeal after final judgment.*" (Emphasis supplied.)

Moreover, since this court, with certain limited exceptions not pertinent here, has jurisdiction only over appeals from final judgments, Maryland Code (1974), § 12-301 of the Courts and Judicial Proceedings Article, the appeal in this case could only be justified on the basis of Rule 605 a. That rule states:

> "Where more than one *claim for relief* is presented in an action, whether as an original claim, counterclaim, cross-claim, or third-party claim, *the court may direct the entry of a final judgment upon one or more but less than all of the claims* only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of

the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims." (Emphasis supplied.)

While, in the instant case, the circuit court did expressly determine that "there is no just reason for delay" and did order entry of a "judgment" on the issues raised by the motion for a "partial summary judgment," an appeal cannot properly be brought under Rule 605 a because the order entered by the court was not a "final judgment upon one or more but less than all the claims." What was decided by the circuit court was merely a legal issue which related to one of the many elements of damage alleged by Harford Sands. The court's decision was not dispositive of any "claim for relief" as is necessary to permit entry of a final appealable judgment under Rule 605 a.

In *Suitland Dev. v. Merchants Mort.*, 254 Md. 43, 54, 254 A. 2d 359 (1969), the Court of Appeals pointed out that a "claim" within the meaning of Rule 605 a must at least consist of a complete cause of action. In *Diener Enterprises v. Miller*, 266 Md. 551, 556-557, 295 A. 2d 470 (1972), the Court of Appeals indicated that a "claim" for purposes of Rule 605 a was a set of facts giving rise to a legal right. In *Diener*, the plaintiff had filed a two-count declaration seeking damages in the first count on the basis of alleged fraud and in the second count on the basis of an alleged breach of contract. The facts alleged in each count were virtually identical. The Court concluded that the declaration contained "actually but one claim that was framed in two ways so as to present either one of two legal theories for one recovery." (*Id.* at 556.)

Cases dealing with Rule 54 (b), Federal Rules of Civil Procedure, from which Maryland Rule of Procedure 605 a was taken, confirm that the "judgment" in the instant case did not dispose of an entire "claim."[1] For example, the

---

1. Since Maryland Rule 605 a was based on Rule 54 (b), F.R.Civ.P., interpretations of the federal rule by federal courts are "especially persuasive" in applying the Maryland rule. Diener Enterprises v. Miller, *supra*, 266 Md. at 554.

Supreme Court in *Sears, Roebuck & Co. v. Mackey*, 351 U. S.
427, 437, 76 S. Ct. 895, 900, 100 L. Ed. 1297 (1956), equated
the term "claim" with "basis of liability." The United States
Court of Appeals for the Ninth Circuit stated in *CMAX, Inc.
v. Drewry Photocolor Corporation*, 295 F. 2d 695, 697 (9th
Cir. 1961):

> "The word 'claim' in Rule 54 (b) refers to a set of
> facts giving rise to legal rights in the claimant, not
> to legal theories of recovery based upon those facts.
> 'Rule 54 (b) was originally adopted in view of the
> wide scope and possible content of the newly
> created "civil action" in order to avoid the possible
> injustice of a delay in judgment of a distinctly
> separate claim to await adjudication of the entire
> case.' (Notes of the Advisory Committee on
> Amendments to Rules, quoted in 28 U.S.C.A., Rules
> 52 to 58, at page 204.)"

*See Perma Research and Development Co. v. Singer Co.*, 410
F. 2d 572, 575, n. 10 (2d Cir. 1969); *Re Pass v. Vreeland*, 357
F. 2d 801, 805 (3d Cir. 1966); *Smith v. Benedict*, 279 F. 2d 211,
213 (7th Cir. 1960); *Schwartz v. Eaton*, 264 F. 2d 195, 196-197
(2d Cir. 1959); *School District No. 5 v. Lundgren*, 259 F. 2d
101, 104 (9th Cir. 1958); *Town of Clarksville, Va. v. United
States*, 198 F. 2d 238, 240 (4th Cir. 1952), *cert. denied*, 344 U.
S. 927, 73 S. Ct. 495, 97 L. Ed. 714 (1953).

The cases make clear that an order which merely decides
whether an item of damages can be recovered, but does not
decide the entire cause of action, is not a "final judgment
upon" a "claim for relief," and therefore an appeal from such
an order will not lie. For example, in *Marino v. Nevitt*, 311 F.
2d 406 (3d Cir. 1963), the plaintiff had brought suit alleging,
in a single count, that the defendant had defrauded the
plaintiff of his interest in three separate contracts. On
motion of the defendant, the trial court dismissed the
allegations with regard to two of the contracts. The United
States Court of Appeals for the Third Circuit held that this
action of the trial court could not be appealed under Rule 54
(b), F.R.Civ.P., since "[t]he complaint in this action, and the

amendment thereto, state a single claim comprised of several elements of damage. The effect of the court's decision was to eliminate two of these elements as 'not supportable or provable as a matter of law.' The decision was a partial adjudication and therefore lacked the finality prerequisite to the right of appeal." (*Id.* at 408.)

In *Re Pass v. Vreeland, supra,* the plaintiff had brought a malpractice action against defendants, two attorneys, alleging in a three-count declaration that the defendants had negligently allowed the period of limitations to expire with regard to a proposed suit the defendants were handling for the plaintiff and that they had negligently failed to inform him that the period of limitations would expire. Prior to trial, the defendants moved for a partial summary judgment on the ground that the plaintiff had suffered no loss from the expiration of the period of limitations with regard to his proposed suit. This motion did not address plaintiff's contention that he had been induced to spend unnecessary legal fees. The trial court granted the motion and "pursuant to Rule 54 (b)" the court entered final judgment on the issue of law "since this disposition of the case . . . for all practical purposes eliminate[s] from the trial *plaintiff's major damage claim.*" (*Id.* at 803.) An appeal to the United States Court of Appeals for the Third Circuit followed. That court stated that the plaintiff's suit was based on a single cause of action, negligence in handling plaintiff's proposed suit, and that the trial court by its order had eliminated only one of the elements of damages resulting from the defendants' alleged negligence, but did not deal with plaintiff's allegation regarding the expenditure of legal fees. Therefore, the Court of Appeals concluded that under Rule 54 (b) the trial court's decision was not appealable, since the single claim presented in the case had not been fully decided.

These cases demonstrate that an order deciding the validity of a particular element of damages is not a "final judgment" upon a "claim for relief" as those terms are used in Maryland Rule 605 a.

Under the cases dealing with the term "claim for relief" as used in Maryland Rule 605 a and Rule 54 (b), F.R.Civ.P., the

trespass, negligence, and nuisance counts in Harford Sands' declaration probably would be deemed to constitute a single claim for relief although they may be distinct forms of action. The factual basis for the trespass, negligence and nuisance counts is the same, except that the first count alleges that Levitt's wrongful acts were intentional, the second count alleges that they were negligent, and the third count alleges that they were either intentional or negligent. The damages requested under each of the first two counts are the same. The first two counts merely present mutually exclusive alternative legal theories on which recovery of damages could be based. The nuisance count, under which an injuction is sought, alleges the continuing nature of the damages caused either by trespass or negligence.[2] In light of the holding in *Diener Enterprises v. Miller, supra,* 266 Md. at 556-557, and numerous federal cases, it would appear that Harford Sands' declaration set forth only one claim for relief.

However, even if we assume arguendo that multiple claims were involved in this case because Harford Sands' declaration included distinct forms of action with different elements, we would still have to conclude that an appeal does not lie. The circuit court in its order decided only a legal issue with regard to one element of damages claimed under the trespass and negligence counts. The court did not enter a "final judgment" with regard to either count, and the court's order did not deal at all with the nuisance count under which an injunction was sought. Thus, the court did not finally decide any of the "claims."

Finally, we observe that to allow appeals from rulings of trial courts on issues of law which determine only a small part of a claim for relief, such as that involved in this case, would open the door to numerous fragmented appeals. This result would be contrary to what was contemplated when Rule 605 a was adopted. The purpose of Rule 605 a was to

---

2. Rule 605 a would not be determinative in dealing with the grant or denial of an injunction since such an order would be an appealable interlocutory order under Code (1974), § 12-303 (c) of the Courts and Judicial Proceedings Article.

prevent the delay and expense which result from "piecemeal appeals" while allowing for a separate appeal "in the very infrequent harsh case." *Diener Enterprises v. Miller, supra,* 266 Md. at 555-556; *Lang v. Catterton,* 267 Md. 268, 272, 297 A. 2d 735 (1972); *Arteno v. Arteno,* 257 Md. 227, 228, 262 A. 2d 493 (1970); *Harkins v. August,* 251 Md. 108, 111, 246 A. 2d 268 (1968); *Schlossberg v. Schlossberg,* 22 Md. App. 527, 535, 323 A. 2d 708 (1974); *Flores v. King,* 13 Md. App. 270, 272-273, 282 A. 2d 521 (1971); *Knight v. Tolson,* 10 Md. App. 311, 313-314, 270 A. 2d 132 (1970). The instant case is exactly the type of piecemeal appeal which Rule 605 a was designed to prevent.

In sum, we hold the circuit court's "judgment" in this case did not constitute the entry of a "final judgment" on a "claim for relief" as provided for in Rule 605 a, and thus an appeal from the circuit court's order may not be taken.

> *Appeal dismissed.*
> *Costs to be divided equally between appellant and appellee.*