467 A.2d 798

Joseph E. ROBERT, Sr., et al.

v.

Joseph E. ROBERT, Jr.

No. 22, Sept. Term, 1983.

Court of Special Appeals of Maryland.

Nov. 8, 1983.

318

Douglas Carter, Washington, D.C., with whom was James H. Hulme, Rockville, on brief, for appellants.

Michael Cramer, Rockville, with whom were Benjamin Klopman, M. Michael Cramer, Chartered, Rockville, N. David Povich, G. David Fensterheim and Williams & Connolly, Washington, D.C., on brief, for appellee.

Argued before GILBERT, C.J., and LOWE and ADKINS, JJ.

LOWE, Judge.

Joseph E. Robert, Sr. owns the controlling interest in a corporation known as J. Robert Co., Inc. His son and namesake, Joseph E. Robert, Jr., is a minority shareholder in that corporation. They had a falling out. When their ways parted, Junior founded a competing firm in the same field, real estate brokers, which he named J.E. Robert Company.

As a result of their subsequently escalating differences, Senior and company sued Junior and company in the Circuit Court for Montgomery County, introducing an internecine aspect to their mutual differences. Before that case was concluded (ultimately successfully by Senior), Junior sued Senior and company in the same court in a shareholder's derivative suit alleging in the Bill of Complaint:

"Since May 5 or 6, 1981, Joseph, Sr. has dominated and controlled JRC, Inc. and has engaged in a series of illegal, oppressive, and fraudulent acts, as well as a series of acts contrary to the best interests of the corporation and in

breach of his fiduciary duties to the corporation and its minority shareholder, among which are the following:".

There followed lengthy and factual recitation of how Senior was:

"[1] Illegally and Oppressively Preventing the Exercise of Shareholder Rights; ... [2] Falsifying and Destroying Corporate Records; ... [3] Misappropriating Corporate Assets; ... [4] Illegally Withholding Earned Compensation; ... [5] Illegally Diluting the Minority Shareholder's Interest in the Corporation ... [and 6] Wasting Corporate Assets."

Having thus explicated his claim, Junior then prayed the following relief.

"13. Immediately and temporarily enjoin the further transfer of JRC, Inc. property, assets and documents in order to preserve and protect the assets and records of the corporation and to prevent any further misappropriation and/or waste of corporate assets;

14. Order that defendants shall immediately permit plaintiff to inspect the books and records of the J. Robert Co., Inc. and shall forthwith prepare a verified statement, all in accordance with §§ 2–512 and 2–513 of the Maryland Corporations and Associations Code.

15. Order an accounting.

16. Order Joseph E. Robert, Sr. to reimburse the corporation for the value of all assets he has wasted or misappropriated to his personal use and to pay exemplary and punitive damages.

17. Declare null and void the purported issuance of 31,000 shares to Joseph E. Robert, Sr. in May 1981.

18. Order the payment in full to all former employees of all earned compensation and bonuses.

19. Order the reimbursement to Plaintiff of its costs and attorneys fees.

20. Such other and further relief as the Court deems just and proper."

The court promptly enjoined the disposal of corporate records, etc. and renewed the injunction from time to time usually by consent. Junior, thereafter, moved for partial summary judgment praying an order directing Senior and company to permit Junior to review the records of J. Robert Co., Inc., pursuant to §§ 2–512 and 2–513 of the Corporations and Associations Article of the Maryland Code. After Senior reluctantly answered the motion and, presumably, following a hearing, the court granted the partial summary judgment ordering Senior to make the records available for Junior's review, but deferred its effect until the pending *J. Robert Co., Inc. v. J.E. Robert Co., et al.* case was resolved. In addition, the order continued the injunction against destroying the records pending the review by Joseph Robert, Jr. and added as a last line:

"This is certified as a final order pursuant to Maryland Rule 605a."

Since there remain at least five specific prayers for relief pending before the court, all of which are direct rather than ancillary parts of the claim in the case, the partial summary judgment with respect to the relief granted can only be "final" and thus appealable by virtue of Rule 605a. *Diener Enterprises v. Miller,* 266 Md. 551, 554–555, 295 A.2d 470 (1972).

It is apparent that the order granting what in this case amounts to ancillary relief was not a final judgment which is necessary for the right to appeal given by Md.Cts. & Jud.Proc.Code Ann. § 12–301, and that the injunction (consented to throughout) is not a subject of this appeal pursuant to § 12–303.[1] We assume that the single contracting sentence in the order is the result of appellants unsuccessful attempt to have the trial court provide them with a legitimate right to appeal. Md.Rule 605 a carefully and precisely

---

1. And perhaps could not have been since the record extract does not show that the appellant has filed his answer in the case. Cts. & Jud.Proc. § 12–303(c)(1).

explicates the procedure that must be followed, and restricts the situation to which a right of appeal will apply.

"Where more than one claim for relief is presented in an action, whether as an original claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims *only upon an express determination* that there is no just reason for delay *and upon an express direction for the entry of judgment.* In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims." (Emphasis added).

The phraseology is clear and mandatory. The word "only" in context means exclusively, *i.e.,* there is no other way to effect a right of appeal when less than all of the claims in a multi-claim suit have been determined absent a § 12–303 exemption. The adjective "express" modifying both "determination" and "direction" can only mean "explicit" in this context. The use of a short form adaptation of the rule is not acceptable. Not only must the direction for the entry of judgment be explicit, but also the determination that there is no just reason for delay must be explicit. In interpretatively providing us with this additional jurisdiction, the Court of Appeals carefully provided the precise procedure. It is incumbent upon us to compel compliance or else we would have control over our own jurisdiction by permitting what we might choose to designate as substantial compliance with that precise rubric. That is not our prerogative.

■ Furthermore, the rule by its carefully articulated mandatory language contemplates an informed determination by the trial judge that there is no reason to delay an appeal, *i.e.,* that some purpose will be served other than permitting piecemeal appeals. Absent such express determi-

nation there is naught for us to review because our jurisdiction is wanting. *Eastgate Associates v. Apper,* 276 Md. 698, 350 A.2d 661 (1976).

In this particular case there is the further concern whether there is "more than one claim for relief . . . presented in [this] action". An order that disposes of only part of a single claim cannot be made final under Rule 605 a. *Diener Enterprises v. Miller, supra; Harford Sands, Inc. v. Levitt & Sons,* 27 Md.App. 702, 343 A.2d 544 (1975), *cert. denied,* 276 Md. 744 (1975).

The Court of Appeals indicated that a "claim" for purposes of Rule 605 a was a set of facts giving rise to a legal right. *Harford Sands, Inc. v. Levitt & Sons, supra* 27 Md.App. at 708, 343 A.2d 544, citing *Diener Enterprises v. Miller,* 266 Md. at 556–557, 295 A.2d 470. Each "claim" must at least consist of a complete cause of action. *Suitland Dev. v. Merchant's Mort.,* 254 Md. 43, 54, 254 A.2d 359 (1969). Judge Digges pointed out in *Diener Enterprises* that different legal theories for the same recovery based upon the same facts or transaction do not give rise to separate "claims" under the rule. *Biro v. Schombert,* 285 Md. 290, 295, 402 A.2d 71 (1979).

The relief from which an appeal was attempted here is not a separate cause of action but is ancillary to the real purpose intended to be accomplished by the suit. In that sense it is comparable to an attempted discovery. It is clear that rulings on discovery motions are not appealable. If the chancellor in the trial of a case should rule on such matters, it is not conceivable that the party ruled against could stop the proceedings and take an appeal. This is one of the considerations interpreted by the strict requirement contemplating an informed determination prerequisite to the "express determination that there is no reason for delay." While the shareholder's right of review is a separate statutory right enforceable in and of itself, when used as it was in this case its underlying purpose—if not harassment as alleged—must have been in the nature of discovering support

for the other allegations and relief sought in the Bill of Complaint. Such purpose was apparent to the judge who delayed the order's effect until the other pending suit had been concluded. This then, like discovery, should have waited to be raised on an appeal from a final decree. *Hallman v. Gross,* 190 Md. 563, 59 A.2d 304 (1948).[2] Judge Eldridge pointed out in *Harford Sands, Inc., supra,* 27 Md.App. at 711–712, 343 A.2d 544, that the "purpose of Rule 605 a was to prevent the delay and expense which result from 'piecemeal appeals' while allowing for a separate appeal 'in the very infrequent harsh case' ". The instant case is exactly the type of piecemeal appeal which Rule 605 a was designed to prevent.

The complaint in this action, and the amendment thereto, state but a single claim comprised of several elements of damage. The effect of the court's decision was to grant ancillary relief as a means of gathering relevant information for trial, or otherwise, pursuant to a legally claimed right. " 'The decision was a partial adjudication and therefore lacked the finality prerequisite to the right of appeal.' " *Biro v. Schombert, supra* 285 Md. at 296, 402 A.2d 71, quoting *Marino v. Nevitt,* 311 F.2d 406, 408 (3d Cir.1963). The circuit court had no authority to make its decision final and appealable under Rule 605 a even if it had done so precisely in the *Biro v. Schombert* case which dealt with a partial summary judgment. *Biro v. Schombert, supra* 285 Md. at 297, 402 A.2d 71. Likewise, this Court has no authority to hear this appeal on its merits.

Although the jurisdictional issue was not raised by appellee, "[i]t is our duty to raise and decide, where appropriate, the issue of our jurisdiction over cases appealed to us. Maryland Rule 1035 a 2. Therefore, we have considered the

---

2. We have had filed a Motion to Dismiss this appeal for mootness by appellee who alleged that appellants had complied with the order by permitting inspection to appellee's satisfaction. While opposing the motion appellants acknowledge the allegations; however, had the appeal not been precipitous, it is apparent that the issues raised on appeal would never have been reached by us.

propriety, under Rule 605 a, of this appeal, and conclude that the appeal must be dismissed." *Harford Sands, Inc., supra* 27 Md.App. at 706–709, 343 A.2d 544.

Finally, we may not rule on appellee's Motion to Dismiss this appeal as moot since our result has the same effect on appellee's motion.

APPEAL DISMISSED.  COSTS TO BE PAID BY APPELLANTS.