499 A.2d 1320

**William G. RUSSELL**

v.

**AMERICAN SECURITY BANK, N.A.**

**No. 233, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

Nov. 13, 1985.

■■■■■■■■■■■■■■■
■■■■■■■
■■■■■■■■■■■■■■■■■■
■■■■■■■■■
■■■■■■■■■■■■■■■■■■

A. Slater Clarke, Bethesda (Mitchell I. Alkon, Bethesda, on the brief), for appellant.

Richard H. Nicolaides, Washington, D.C. (Thomas M. Hennessey, Washington, D.C., on the brief, and Joseph A. Kenary, Rockville, on the brief), for appellee.

Argued before WILNER and BISHOP, JJ., and GETTY, JAMES S., Associate Judge of the Court of Special Appeals (retired), Specially Assigned.

BISHOP, Judge.

William G. Russell appeals a judgment entered in the Circuit Court for Montgomery County in favor of appellee American Security Bank, N.A. in the amount of $132,498.61, which is less than the full amount claimed. Pursuant to Rule 2–602, the court found that there was no just cause for delay and directed entry of the judgment under Rule 2–501(e)(3) "for some but less than all of the amount requested." Because we hold that there was just cause for delay, we dismiss this appeal.

## FACTS

On December 12, 1984, the court issued the following order:

UPON CONSIDERATION of the Motion of Plaintiff, American Security Bank, N.A. for Summary Judgment, the Points and Authorities in support thereof, the Defendant's opposition thereto, the entire record herein and any

oral argument thereon, it is by the Court this 12th day of December, 1984,

ORDERED, that Plaintiff's Motion for Summary Judgment is hereby granted, and there being no just cause for delay, it is further,

ORDERED, that Plaintiff American Security Bank, N.A. is hereby awarded final judgment against Defendant William G. Russell in the amount of $132,498.61 with interest at the per diem rate of $55.38 commencing May 1, 1984 through July 23, 1984, plus interest thereafter at the legal rate, plus costs.

On December 24, 1984, the court amended the last paragraph of that order to read:

ORDERED, that Plaintiff American Security Bank, N.A. is hereby awarded final judgment against Defendant William G. Russell in the amount of $132,498.61, plus interest thereafter at the legal rate, from July 23, 1984 and costs.

This revision deleted from the December 12th version, "with interest at the per diem rate of $55.38 commencing May 1, 1984 through July 23, 1984, plus interest thereafter at the legal rate, plus costs" and inserted instead: "plus interest thereafter at the legal rate, from July 23, 1984 and costs."

The court gave the following explanation during the hearing on appellant's Motion for Reconsideration, when this amendment was made:

Now, as far as the interest, he may have all kinds of good claims. I don't know about that. But he still doesn't want to pay the principal. This is not right. He owes the principal. And he ought to pay the principal. In fact, the principal was due either October 31st, or possibly April 4th, anyway. . . .

I will deny the motion to reconsider the order of July 23rd, granting summary judgment in the principal amount of $132,498.61.

I will, with regard to December 12th, order, strike out that portion granting interest of $55.38 per day from May

1st, 1984 through July 23rd, 1984, as that was not part of the ruling.

Later in the hearing, after the order was amended, counsel for appellee stated, "[a]nd we do have a little bit of attorney's fees hanging," to which the court replied, "[t]hat is still open." [1]

While the order itself does not expressly reserve ruling on the attorney's fees and prejudgment interest issues, it is clear from the record that the trial court intended to leave these issues open. Based on the December 24 hearing, the final proceeding on the record, the trial court awarded partial judgment on what it concluded was the principal due on the note, and pointed out that issues of interest due on the note and attorney's fees would remain open. The language in the order "there being no just cause for delay" was to satisfy the Rule 2–602 certification requirements and allow immediate appeal of the partial judgment.

1.

*Rule 2–602 Certification of a 2–501(e) Partial Judgment*

■ The object of Md.Rule 2–602 is to prevent piecemeal appeals by providing that only where a trial court has fully adjudicated all the issues in a case will an appeal be permitted. *See Robert v. Robert,* 56 Md.App. 317, 324, 467 A.2d 798, 801 (1983) (construing former Rule 605 a); *Harford Sands, Inc. v. Levitt & Sons,* 27 Md.App. 702, 711–12, 343 A.2d 544, 549 (1975) (same). *See also* P. Neimeyer & L. Richards, *Maryland Rules Commentary* at 348 (1984); *Commentary on the New Maryland Rules of Civil Procedure,* 43 Md.L.Rev. 669, 820 (1984). Rule 2–602 does,

---

**1.** At oral argument counsel for appellee at first asserted a desire to attempt to collect the attorney's fees at a subsequent proceeding, but later in his argument stated that he would waive further attempts to secure a judgment on any attorney's fees allegedly due. As the following analysis indicates, however, the open attorney's fees question is not the difficulty which prevents our review. Even if it were, the attempted retroactive waiver by counsel would not remove the problem. *See, e.g., Frey v. Frey,* 298 Md. 552, 471 A.2d 705, 707 (1984) (parties cannot confer appellate jurisdiction by consent).

however, allow the trial court to enter judgments not fully adjudicating an entire case if the court expressly finds no just reason for delay.

Rule 2–602 was derived from former Rule 605a; the major change is the addition of language providing for certification of a Rule 2–501(e) partial summary judgment [2] to allow an appeal where the dispute is over only a small part of the relief sought. *See* P. Neimeyer & L. Richards, *Maryland Rules Commentary* at 348 (1984).

The version of Rule 2–602 applicable on July 23, 1984, the date summary judgment was granted and on December 24, 1984, the date of the revised order, provided:

> When more than one claim for relief is presented in an action, including a consolidated action, whether by original claim, counter-claim, cross-claim, or third-party claim, or when multiple parties are involved, *or when partial judgment is sought pursuant to Rule 2–501(e),* the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only if the court expressly determines that there is no just reason for delay and directs the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and is subject to revision at any time before the entry of judgment that adjudicates all the claims and the rights and liabilities of all the parties.

(emphasis added). The corresponding applicable version of Rule 2–501(e) provided:

---

**2.** Under former Rule 605 a, a final judgment could be certified only where an entire claim was adjudicated. The certification of a partial judgment as to elements of a single claim was not permitted. *See Potter v. Bethesda Fire Dept.,* 302 Md. 281, 285–87, 487 A.2d 288, 290–91 (1985).

The court shall enter judgment in favor of or against the moving party if the pleadings, depositions, answers to interrogatories, admissions, and affidavits show that there is no genuine dispute as to any material fact and that the party in whose favor judgment is entered is entitled to judgment as a matter of law. Upon compliance with Rule 2–602, the court may enter judgment (1) for or against one or more but less than all of the parties to the action, (2) upon one or more but less than all of the claims presented by a party to the action, or (3) for some but less than all of the relief requested.

These rules have been recently amended to make clear that a Rule 2–501(e) summary judgment resolving only part of one claim can be certified as an appealable final judgment only where the claim is limited to seeking monetary relief. *See* Minutes, Court of Appeals Standing Committee on Rules of Practice and Procedure, March 15, 16, 1985 at 24–28, 48–49. The current Rule 2–602 provides:

(a) Generally.—Except as provided in section (b) of this Rule, an order or other form of decision, however designated, that adjudicates fewer than all of the claims in an action (whether raised by original claim, counterclaim, cross-claim, or third-party claim), or that adjudicates less than an entire claim, or that adjudicates the rights and liabilities of fewer than all the parties to the action:

(1) is not a final judgment;

(2) does not terminate the action as to any of the claims or any of the parties;  and

(3) is subject to revision at any time before the entry of a judgment that adjudicates all of the claims by and against all of the parties.

(b) When Allowed.—If the court expressly determines in a written order that there is no just reason for delay, it may direct in the order the entry of a final judgment:

(1) as to one or more but fewer than all of the claims or parties;  or

(2) pursuant to Rule 2–501(e)(3), for some but less than all of the amount requested in a claim seeking money relief only.

The new Rule 2–501(e) provides:

The court shall enter judgment in favor of or against the moving party if the pleadings, depositions, answers to interrogatories, admissions, and affidavits show that there is no genuine dispute as to any material fact and that the party in whose favor judgment is entered is entitled to judgment as a matter of law. By order pursuant to Rule 2–602(b), the court may direct entry of judgment (1) for or against one or more but less than all of the parties to the action, (2) upon one or more but less than all of the claims presented by a party to the action, or (3) for some but less than all of *the amount requested when the claim for relief is for money only and the court reserves disposition of the balance of the amount requested.* (Emphasis added indicates new language). (both amended April 8, 1985).

### 2.

### *The 2–602 Certification*

If this case were in the posture the trial court apparently believed it was, it would present the perfect example of the use of a 2–602 certification for a 2–501(e) partial judgment. The trial court certified the 2–501(e) partial judgment based upon the assumption that no genuine dispute of material fact existed as to the amount of principal due on the note, and that only secondary issues of the interest due on the note and attorney's fees were left open. However, upon close analysis of exactly what aspects of the interest issues were still in dispute, problems with both the certification and the judgment itself emerge.

Appellant's main contention below was that the bank charged a higher rate of interest than that specified in the note. The trial court did not resolve this issue and there-

fore could not determine the amount of interest due on the note to be awarded appellee. Payment records provided by appellee indicated that approximately $17,500.00 had been paid on the note by appellant with $5,000.00 being credited to principal and the rest to interest. If appellant's allegations of an excessive rate of interest prove to be correct then some of the $12,500.00 which appellant paid as interest would have to be credited to reduce the principal. The $132,498.61 found by the court to be due as principal, however, was calculated by crediting the entire $12,500.00 to interest, thus accepting, for purpose of the partial summary judgment, appellee's version of the proper rate of interest. But, as noted, that was the very issue in dispute which the court supposedly had reserved for determination.

While Rule 2–602 does allow the trial court to certify a 2–501(e) partial judgment as final where no just reason for delay exists, the rule does not contemplate certification of a judgment where the amount of that judgment depends on the resolution of open issues. We dismiss this appeal because the amount of the judgment in this case was contingent on the resolution of the undecided interest issue and therefore hold that the trial court abused its discretion when it certified this partial judgment under Rule 2–602. *See Diener Enterprises v. Miller*, 266 Md. 551, 555, 295 A.2d 470, 473 (1972) (appellate court must recognize lack of jurisdiction from improper application of certification rule and dismiss appeal) (interpreting former Rule 605 a); *Robert v. Robert*, 56 Md.App. 317, 322–23, 467 A.2d 798, 801 (1983) (rule contemplates an informed determination by the trial judge that there is no just reason for delay) (interpreting former Rule 605 a).[3]

Because we have dismissed this appeal, we do not reach

---

**3.** While *Diener* and *Robert* both interpret former Rule 605 a, the same certification of an appealable final judgment is required under 2–602: "That there is no just reason for delay."

the merits of the granting of the summary judgment;[4] however, we note for the trial court's guidance that the dispute over the amount of interest also affected the amount of principal remaining due and that summary judgment should not have been granted for the full amount of principal claimed by the bank. A certifiable partial summary judgment could have been entered for the amount of principal and would have been proper had appellant's theory of the appropriate interest to be charged been clearly defined and adopted by the trial court, or if the trial court had reduced the principal amount awarded by the total amount appellant had paid on the note, leaving the allocation of the amounts paid to principal or interest open until the resolution of the interest issue.

APPEAL DISMISSED;

COSTS TO BE DIVIDED BETWEEN THE PARTIES.

---

**4.** While we also do not reach the issue, we will further note that the order, originally entered on December 12, 1984 and amended on December 24, 1984, appears to be based, at least in part, upon an ex parte application possibly in violation of Rule 1–351.