664 A.2d 882

John H. SHENASKY, II et al.

v.

Sandra E. GUNTER et al.

No. 12, Sept. Term, 1995.

Court of Appeals of Maryland.

Sept. 12, 1995.

Roy B. Cowdrey, Jr. (Diane M. Janulis, Cowdrey, Thompson & Karsten, P.A., on brief), Easton, for appellants.

George W. White, Jr., William D. Berwick, White, Mindel, Clarke, & Foard, on brief, Towson, for appellees.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ.

ELDRIDGE, Judge.

■ In this medical malpractice case, the defendants filed a motion for summary judgment against the plaintiff Sandra E. Gunter with respect to her wrongful death claim as the wife of the decedent. The Circuit Court for Wicomico County, by an order filed on January 18, 1995, denied the defendants' motion and "ordered pursuant to Maryland Rule 2-501(e) that judgment be granted in favor of Plaintiff Sandra E. Gunter and against John H. Shenasky, II, M.D., as to Count II of the complaint. . . ." The circuit court further "ordered that, there being no just reason for delay, final judgment consistent with this Order be entered pursuant to Maryland Rule 2-602(b). . . ." The docket entry for January 18, 1995, after reciting the substance of the order, read as follows: "Judgment entered in favor of Plaintiff, Sandra E. Gunter, and against the defendant, John H. Shenasky, II, M.D., as to Count II only."

Neither the order nor the docket entry reflected any award of damages or monetary amount. In fact, the court's order represented a determination of certain liability issues under count II, with the matter of damages to be decided later.

On February 13, 1995, the "defendants, John H. Shenasky, II, M.D. and Drs. Shenasky, DeMarco & Genvert, P.A." filed an order of appeal to the Court of Special Appeals.[1] Thereafter, this Court issued a writ of certiorari before any proceedings in the Court of Special Appeals. We shall not, however,

---

1. The parties have apparently overlooked the fact that the circuit court's order related to the individual defendant only, whereas the notice of appeal was on behalf of both the individual defendant and the professional association.

be able to reach the underlying liability issues raised by the parties. Instead, because no final appealable judgment was entered in this case, we are required to dismiss the appeal.

Ordinarily an order or other form of decision which adjudicates fewer than all claims in an action is not a final judgment, is not appealable, does not terminate the action as to any claims, and is subject to revision at any time before the entry of a judgment which does adjudicate all claims. Maryland Rule 2–602(a).

Rule 2–602(b)(1) authorizes a trial judge, upon an express determination of no just reason for delay, to direct the entry of a final judgment as to an entire claim or claims. Nevertheless, the authorization in Rule 2–602(b)(1) " 'for trial judges to make certain orders appealable, is limited to orders which, by their nature, have a characteristic of finality. Such orders must be completely dispositive of an entire claim or party.' " *Medical Mutual v. Evander,* 331 Md. 301, 308–309, 628 A.2d 170, 173–174 (1993), quoting *Snowden v. Baltimore Gas & Electric,* 300 Md. 555, 563, 479 A.2d 1329, 1333 (1984).

In an action for money damages, an order which decides that there is liability, or which resolves some liability issues in favor of a party seeking damages, but fails to make a determination with regard to the amount of damages, does not dispose of an entire claim and cannot be made final and appealable under Rule 602(b). *Washington Sub. San. Comm'n v. Frankel,* 302 Md. 301, 308, 487 A.2d 651, 655 (1985); *East v. Gilchrist,* 293 Md. 453, 459–462, 445 A.2d 343, 346–347 (1982); *Biro v. Schombert,* 285 Md. 290, 294–297, 402 A.2d 71, 73–75 (1979); *Harford Sands, Inc. v. Levitt & Sons,* 27 Md.App. 702, 709–711, 343 A.2d 544, 549, *cert. denied,* 276 Md. 744 (1975).

Pursuant to Rules 2–501(e)(3) and 2–602(b)(2), a trial judge is authorized, upon the appropriate determinations, to direct the entry of a final and appealable summary judgment "for some but less than all of the amount requested in a claim seeking money relief only." By their plain language, however, these rule provisions do not authorize a trial judge to finalize a

decision concerning liability without any determination whatsoever as to damages.

The trial court's direction to enter a final judgment in this case was ineffective. Since there is no final and appealable judgment, we have no authority to entertain the appeal.

*APPEAL DISMISSED.*

*APPELLANTS TO PAY COSTS.*