701 A.2d 415

**Paul A. HUBER**

v.

**NATIONWIDE MUTUAL INSURANCE COMPANY.**

**No. 128, Sept. Term, 1996.**

Court of Appeals of Maryland.

Oct. 16, 1997.

Andrew Janquitto (Mudd, Harrison & Burch), on brief; (J. Michael Lawlor, on brief), Towson, for petitioner.

Angus R. Everton (Mason, Ketterman & Morgan), on brief, Baltimore, for respondent.

Argued before BELL, C.J., ELDRIDGE, RODOWSKY, CHASANOW and RAKER, JJ., and ROBERT L. KARWACKI and MARVIN H. SMITH, JJ. (retired), Specially Assigned.

ROBERT L. KARWACKI, Judge, Retired, Specially Assigned.

We issued a writ of certiorari to the Court of Special Appeals in order to review that court's affirmance of a declaratory judgment entered by the Circuit Court for Baltimore County. At issue is the proper construction of the provisions of an automobile liability policy issued by Nationwide Mutual Insurance Company ("Nationwide"), the Respondent, to Paul A. Huber, the Petitioner, relating to uninsured/underinsured motorist coverage. We will be unable to reach the merits of this controversy, however, because the Court of Special Appeals was without jurisdiction to consider the appeal for the reasons we now explain.

Paul Huber, and his wife Agnes, were involved in a motor vehicle accident on April 7, 1990, with an uninsured/underinsured motor vehicle operated by Alberto Arroyo. Agnes Huber was killed and Paul Huber suffered serious injuries. At the time of the accident, Paul Huber maintained an automobile liability insurance policy with Nationwide covering two vehicles, a 1987 Dodge Dakota and a 1982 Oldsmobile Cutlass.

According to the declaration page of the insurance policy, the 1987 Dodge Dakota had uninsured/underinsured motorist coverage limits of $100,000 per person and $300,000 per occurrence. By contrast, the 1982 Oldsmobile Cutlass had

uninsured/underinsured motorist coverage limits of $500,000 per person and $500,000 per occurrence. The Hubers were occupying the 1987 Dodge Dakota at the time of the accident.

Petitioner filed suit individually and as personal representative of the estate of Agnes Huber. On January 31, 1991, the original complaint was filed against Diane Arroyo, the personal representative of Alberto Arroyo, deceased and Erika Koch Arroyo,[1] seeking damages for personal injuries and wrongful death. Petitioner later filed a supplemental complaint adding Nationwide as a defendant and adding counts on a theory of breach of contract. Still later, a second supplemental complaint was filed adding Solomon N. Hoke, an insurance agent/broker, as a defendant in counts based on theories of breach of contract, negligent misrepresentation and professional negligence. The second supplemental complaint also added the same additional counts against Nationwide.

Finally, Petitioner filed a third supplemental complaint containing only one additional count seeking a declaratory judgment as to the rights and liabilities of the parties pursuant to the uninsured/underinsured provisions of the automobile insurance policy Nationwide had issued to the Petitioner. On June 20, 1995, Petitioner filed a motion for summary judgment on the issue of whether the Nationwide policy provided $500,000 per person and $500,000 per occurrence of uninsured/underinsured motorist protection for the April 7, 1990 automobile accident. Petitioner contended that he was entitled to the highest uninsured/underinsured motorist limits available under his insurance policy regardless of which vehicle he was occupying at the time of the accident.

Nationwide opposed the motion and filed a cross motion for partial summary judgment. Nationwide argued that in order for the Petitioner to be entitled to the higher coverage he had to be occupying the specific vehicle for which the higher limits were provided on the declaration page. Therefore, according

---

1. The claims against Diane Arroyo and Erika Arroyo were settled, and Nationwide was a party to that settlement.

to Nationwide, Petitioner was only entitled to $100,000 per person and $300,000 per occurrence of uninsured/underinsured motorist coverage as stated on the declaration page for the 1987 Dodge Dakota.

The trial court pursuant to Maryland Rule 2–503(b) ordered a separate trial of the declaratory judgment claim of Petitioner against Nationwide. After oral argument on the motions for summary judgment, the court entered judgment declaring that Petitioner was only entitled to uninsured/underinsured coverage of $100,000 per person and $300,000 per occurrence. Finding that there was no just reason for delay, the trial court purported to certify that judgment as final pursuant to Md. Rule 2–602(b). Petitioner filed a timely appeal, and in an unreported opinion the Court of Special Appeals affirmed the circuit court's declaratory judgment.

As we have previously held, " '[t]he jurisdiction of this Court, and the Court of Special Appeals, is determined by constitutional provisions, statutory provisions and rules; jurisdiction cannot be conferred by consent of the parties.' " Therefore, " 'this Court will dismiss an appeal *sua sponte* when it notices that appellate jurisdiction is lacking.' " *Biro v. Schombert,* 285 Md. 290, 293, 402 A.2d 71, 73 (1979), *quoting Smith v. Taylor,* 285 Md. 143, 147, 400 A.2d 1130 (1979) and *Eastgate Associates v. Apper,* 276 Md. 698, 700–01, 350 A.2d 661 (1976).

We are unable to reach the merits of this appeal because the Court of Special Appeals lacked jurisdiction to hear the appeal in the first instance. Because the trial court's certification of the declaratory judgment in favor of Nationwide as a final judgment pursuant to Md. Rule 2–602(b) was improper, the Court of Special Appeals should have dismissed Petitioner's appeal. Md. Rule 2–602(b) provides, in relevant part:

"(b) When Allowed.—If the court expressly determines in a written order that there is no just reason for delay, it may direct in the order the entry of a final judgment:

(1) as to one or more but fewer than *all of the claims* or parties; or . . . ." (Emphasis added).[2]

The plain language of the rule requires as a condition precedent to any appeal, that the judgment must be dispositive as to an entire claim or party before it may be certified as final and appealable. *Shenasky v. Gunter,* 339 Md. 636, 638, 664 A.2d 882, 883 (1995). *Diener Enterprises v. Miller,* 266 Md. 551, 554–55, 295 A.2d 470, 473 (1972).

█  The Petitioner's complaint and supplemental complaints contain ten separate counts against Nationwide. Although these counts are based on different legal theories, the Petitioner can only recover a single award of monetary damages based on the facts alleged. Thus, the aggregate of the counts/complaints constitute only one claim upon which relief can be granted. This court has held that where, as here, a claimant presents a number of legal theories, but will be permitted to recover on one of them at most, he or she has but a single claim for relief. *Medical Mutual v. Evander,* 331 Md. 301, 310, 628 A.2d 170, 174 (1993). *Diener Enterprises v. Miller,* 266 Md. 551, 556, 295 A.2d 470, 473 (1972). *See also, Biro v. Schombert,* 285 Md. at 295, 402 A.2d at 74. (Different legal theories for the same recovery based upon the same facts or transaction do not give rise to separate claims under this rule.)

In addition, each count is based on the same factual allegations as recognized by the Petitioner in incorporating all previous allegations in each subsequent count. The issue as to the liability of Nationwide pursuant to the automobile insurance policy arose as a result of the single motor vehicle accident. The rights and responsibilities of the parties under each count spring from one document, the automobile insurance policy issued by Nationwide, and there is but one recov-

---

**2.** Rule 2–602(b)(2) provides as follows:

"(2) pursuant to Rule 2–501(e)(3), for some but less than all of the amount requested in a claim seeking money relief only."

This part of the rule is inapplicable to the analysis because the trial court did not enter judgment for any monetary amount.

ery requested. As we held in *Medical Mutual*, multiple counts based upon the same facts or circumstances but asserting different legal theories upon which the plaintiff may recover the same damages, constitute one claim. *Id.*, 331 Md. 301, 310, 628 A.2d 170, 174 (1993). *See Diener Enterprises v. Miller, supra,* 266 Md. at 556, 295 A.2d at 473 ("[t]he existence of multiple claims ultimately depends upon whether the 'aggregate of the operative facts' presented states more than one claim which can be separately enforced").

The only relief sought by Petitioner in his complaint and the first two supplemental amended complaints was monetary damages. The Petitioner's third supplemental complaint contained only one count seeking a declaratory judgment as to the applicable insurance limits. Although the end result of a declaratory judgment is a decision, answering a question as a matter of law, the declaration can not be classified as different relief requested thus giving rise to a separate claim. The effect of the declaration is simply to establish the maximum amount of money that may be recovered in the claim. As we recognized in *Medical Mutual,* 331 Md. at 312–13, 628 A.2d at 175–76, even if the remedies requested under different legal theories are not exactly identical, if they are based on the same facts or circumstances, the difference in remedies does not automatically give rise to different claims. In fact, our cases have clearly recognized that the disposition of an entire count or the ruling on a particular legal theory does not mean, in and of itself, that an entire claim has been resolved. *See also Biro v. Schombert,* 285 Md. at 295, 402 A.2d at 74. ("The partial summary judgment decided only one of the two items of damages sought ... [t]he cases make it clear that such a decision does not dispose of a 'claim for relief' and thus cannot be made final under the rule".)

The foregoing analysis was applied in *East v. Gilchrist,* 293 Md. 453, 445 A.2d 343 (1982). In that case, a suit was brought by taxpayers seeking a declaratory judgment that a particular section of the Montgomery County Code was valid and that the County was in violation of it. Montgomery

County counterclaimed and obtained a declaratory judgment as to the code section in question. The trial court held that the relevant section was invalid. The trial court determined that there was no just reason for delay and ordered that the judgment be entered as final. The plaintiffs were also seeking a monetary judgment based on the purported violation of the code section as well as declaratory, mandamus, monetary and injunctive relief based on other alleged violations of state law. The plaintiffs appealed to the Court of Special Appeals and before any proceedings in that court, we granted certiorari. We dismissed the appeal because the other prayers for relief had not been decided and, therefore, there was no adjudication of an entire claim. The facts of the present case are very similar in that the declaratory judgment appealed from stems from a case wherein other legal issues remain open and a monetary award has not been decided. Until all of the issues in a single claim are resolved none of the decisions as to certain aspects of the claim can be entered as final judgments and become appealable. *See Washington Sub. San. Comm'n v. Frankel,* 302 Md. 301, 487 A.2d 651 (1985). (Involving an appeal from a declaratory judgment where issues relating to monetary damages had not been resolved. Appeal was vacated because there was no adjudication of an entire claim.)

The declaratory judgment of the trial court in favor of Nationwide established that the Petitioner was only entitled to the limits for the specific vehicle he was occupying at the time of the accident as those limits are stated on the declaration page of the insurance policy. Accordingly, the trial court held that the maximum amount of damages Petitioner could receive under his coverage for uninsured/underinsured motorist was $100,000 per person and $300,000 per occurrence as stated for the 1987 Dodge Dakota. Although the court's order resolved the issue as to the limits of liability under the Nationwide insurance policy, the issue as to the actual amount of damages had not yet been decided. This Court has held that in an action for monetary damages an order that resolves liability issues but does not determine the amount of damages cannot be made final and appealable under Md. Rule 2–602(b).

*Shenasky v. Gunter,* 339 Md. 636, 638–39, 664 A.2d 882, 883 (1995).

There is a well-established policy against piecemeal appeals in our judicial system as they are not consistent with efficient judicial administration. *Medical Mutual v. Evander,* 331 Md. at 313, 628 A.2d at 176.

*JUDGMENT VACATED; CASE REMANDED TO THE COURT OF SPECIAL APPEALS WITH THE DIRECTION TO DISMISS THE APPEAL. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY THE PETITIONER.*