903 A.2d 378

**COUNTY COMMISSIONERS FOR ST. MARY'S COUNTY, Maryland**

**v.**

**Alfred A. LACER.**

**No. 85, Sept. Term, 2005.**

Court of Appeals of Maryland.

July 27, 2006.

418

Mark J. Swerdlin (Kraig B. Long of Shawe & Rosenthal, L.L.P., Baltimore, MD), on brief, for Petitioner.

Stephen P. Fitzgerald, (Mistey L. Metzgar of Mudd, Mudd & Fitzgerald, P.A. of LaPlata, MD), on brief, for Respondent.

Argued before BELL, C.J., and WILNER, CATHELL, HARRELL, BATTAGLIA, GREENE and JOHN C. ELDRIDGE, (Retired, specially assigned), JJ.

HARRELL, J.

We consider here whether the Court of Special Appeals properly declined appellate review of a circuit court's order granting partial summary judgment as to liability only on a breach of contract claim in a multi-count governmental employment contract dispute, which the trial court certified as a final judgment pursuant to Maryland Rule 2–602(b).[1] We consider also whether, under the collateral order doctrine, the Court of Special Appeals correctly reviewed and affirmed other portions of the circuit court's relevant order addressing a discovery dispute that implicated the St. Mary's County Open Meetings Act, Maryland Code (1957, 2001 Repl.Vol.), Article 24, § 4–201, *et seq.* The Circuit Court allowed Alfred A. Lacer, Respondent, to inquire in depositions into discussions held during a closed executive session of the St. Mary's County Board of County Commissioners (the "Board"), Petitioner, as those discussions related to Lacer's employment contract with the Board and its subsequent termination of Lacer.

## I.

In January 2002, Lacer entered into a written employment contract with the Board which provided that Lacer would act

---

1. Maryland Rule 2–602(b) provides:

 If the court expressly determines in a written order that there is no just reason for delay, it may direct in the order the entry of a final judgment:
 (1) as to one or more but fewer than all of the claims or parties; or
 (2) pursuant to Rule 2–501(f)(3), for some but less than all of the amount requested in a claim seeking money relief only.

as the Chief Executive Officer of the County government, in the position of County Administrator, for a period of 4–1/2 years, subject to certain conditions. At that time, the then-members of the five-member Board were serving their second four-year term following election by the voters of St. Mary's County. The terms of the then-members of the Board expired in November 2002. Subsequently, a new five-member Board (the Board as composed and involved in the present action) was elected and seated in December 2002.

On 1 April 2003, after meeting for a public hearing and a scheduled executive session, the Board members convened a closed executive session, during which Lacer was not present. The meeting minutes indicate that the Board met in the closed executive session to discuss personnel issues and to give direction to staff. The meeting minutes indicate also that only the five Board members and the recorder were present. Following the closed session, the Board assembled in an open session and voted 3–2 to proceed on the personnel issues discussed in the closed executive session. In a letter·dated 28 April 2003, the Board terminated Lacer from his position as County Administrator.

On 14 May 2003, Lacer filed a Complaint against the Board in the Circuit Court for St. Mary's County alleging breach of contract, wrongful discharge, a violation of the Maryland Wage Payment and Collection Law, Maryland Code (1991, 1999 Repl.Vol.), Labor and Employment Article, §§ 3–502 and 507.1, and a violation of the St. Mary's County Open Meetings Act, Maryland Code (1957, 2001 Repl. Vol.), Article 24, § 4–201, *et seq.* Lacer filed additionally a Motion for Partial Summary Judgment with regard to his claim for breach of contract. The Board filed its own Motion for Summary Judgment, in addition to its opposition to Lacer's motion. Then, in response to Lacer's Notice of Taking Oral Deposition of the five Board members, the Board filed a Motion for Separation of Questions For Decision and for Stay of Discovery, as well as a Motion for Protective Order on the ground that the Board's substantive discussions during the closed

executive session regarding Lacer's termination were protected from discovery by the attorney-client privilege.[2]

Following a hearing on the motions before the court, the Circuit Court issued two separate orders. In the second order, entered on 15 September 2003 (the order in question in the present case), the Circuit Court: (1) permitted discovery by Lacer into discussions of the closed executive session, yet stayed its effect to allow for any immediate appellate review that might be sought by the Board; (2) granted Lacer partial summary judgment, while denying the Board's summary judgment motion, as to liability only on the breach of contract claim; and (3) deferred decisions on various other discovery motions until resolution on appellate review of its order permitting discovery of the Board members. Also in its order, the Circuit Court purported to make the necessary certification for immediate appellate review and directed the entry of a final judgment under Maryland Rule 2–602(b):

> ORDERED that with respect to *Lacer's Request for Relief under the St. Mary's County Open Meeting Act, that Lacer shall be entitled to inquire of the Board's agents as to all of the discussions held during the "Executive Session" conducted by the Board on April 1, 2003, as said discussions relate to Lacer's Contract of Employment, this Court having expressly found that Lacer was entitled to receive prior notice from the Board if the Board intended to discuss or consider Lacer's resignation or dismissal at any executive session, and this Court having expressly found that no legislative privilege applied to said discussions,* and it is further

> ORDERED that the effect of the aforesaid Order is hereby stayed to allow the Board to file an appeal to the appropriate appellant court, if it so desires, and it is further

---

2. Although it is suggested that the Board's counsel was not present in the closed executive session, the Board claims it discussed previously rendered legal advice regarding the voidability of Lacer's employment contract.

ORDERED that with respect to Lacer's Motion for Partial Summary Judgment, that there is no genuine dispute as to any material fact, and that Lacer is entitled to said Partial Summary Judgment as a matter of law, and it is further

ORDERED that the Court hereby declares the following issues or facts are not in genuine dispute:

1. The Employment Contract of January 28, 2003 between Lacer and the Board is valid and enforceable ...;

2. The Board does not have the right or option to void the Contract prior to the expiration of such contract according to its terms;

3. The Board has breached the Contract by its issuance of the Notice dated April 28, 2003, and "Request for Personnel Action" of April 30, 2003 ... and is responsible for the damages caused thereby;

4. Trial of the remaining issues raised by the Complaint shall be resolved by the finder of fact, and it is further

ORDERED that with respect to the Board's Motion for Summary Judgment, that the Board is not entitled to a judgment as a matter of law, and that therefore, the Board's Motion for Summary Judgment, be and the same is hereby denied, and it is further

ORDERED that with respect to the Board's Motion for Protective Order and Lacer's Motion for Immediate Sanctions for Failure to Respond to Interrogatories and to Request for Production of Documents, or in the alternative, Motion to Compel Discovery, that said Motions, be and the same are hereby deferred until the resolution of any appeal the Board may file to this Order, and it is further

ORDERED that this Court hereby determines, pursuant to Maryland Rule 2–502, that it would be convenient to have the issues decided by this Order finally resolved by the appropriate appellate court before proceeding further, *and this Court does further hereby expressly determine, pursuant to Rule 2–602, that there is no just reason for delay and this Court hereby directs this to be a final judgment.*

(Emphasis added).

The Board appealed. The Court of Special Appeals, in an unreported opinion, determined that, based upon its review of the record, the Circuit Court erred in its effort to expedite appellate review of the determinations reached in the order, save the discovery provisions, when it entered a final judgment under Maryland Rule 2–602(b). The intermediate appellate court, as to the discovery aspect, however, concluded that the collateral order doctrine enabled appellate review of that disposition. The court affirmed the provision of the Circuit Court's order permitting depositions of the Board members. In determining that all four elements of the collateral order doctrine were satisfied, the court noted that

[a]ccording to [Lacer], he was wrongfully terminated as a result of what occurred when the Board chose to meet in an Executive Session that violated the St. Mary's County Open Meetings Act. The discovery provisions in the order at issue provides for the ascertainment of "critical facts" that are of consequence to the ultimate outcome of the case. *See In re Foley, supra,* 373 [Md. 627, 635, 820 A.2d 587 (2003)]. Those provisions, however, (1) conclusively determine that high level (local) government decision makers must appear for depositions, and (2) present the important question of whether "disruption of the government process" will result from discovery into the decision making process of high level government officials. Because [Lacer's] entitlement to judicial relief may be completely distinct from the Board's opinion as to whether it was entitled to terminate [Lacer's] contract, the discovery provisions are sufficiently "separate" from the merits of the action. Finally, if the discovery provisions could not be reviewed at this point, the Board's right to protect its members against "extensive probing of their individual decision thought processes would irretrievably be lost.["]

The Board filed with us a Petition for Writ of Certiorari. We granted the petition to determine (1) whether the Court of Special Appeals properly declined appellate review of the Circuit Court's order, save the discovery provision, which was

certified as a final judgment under Maryland Rule 2–602(b), and (2) whether, under the collateral order doctrine, the Court of Special Appeals correctly affirmed the discovery provision of the Circuit Court's order. *St. Mary's County v. Lacer*, 389 Md. 398, 885 A.2d 823 (2005).[3]

## II.

■ Ordinarily, appellate review is available only after the entry of a final judgment where all claims against all parties are resolved. *Shoemaker v. Smith*, 353 Md. 143, 165, 725 A.2d 549, 560 (1999); *Sigma Repro. Health Cen. v. State*, 297 Md. 660, 664–65, 467 A.2d 483, 485 (1983); *see also* Maryland Rule 2–602(a). The fundamental objective of this principle is "to prevent piecemeal appeals and to prevent the interruptions of ongoing judicial proceedings." *Sigma Repro. Health Cen.*, 297 Md. at 665, 467 A.2d at 485 (Citations omitted). In *Smith v. Lead Industries Association, Inc.*, 386 Md. 12, 21, 871 A.2d 545, 550 (2005),[4] we recently re-emphasized that there are three limited exceptions to the general requirement of awaiting a final judgment before seeking appellate review: (1) appeals from interlocutory rulings specifically allowed by statute, Maryland Code (1974, 2002 Repl. Vol.), Courts & Judicial Proceedings Article, § 12–303; (2) immediate appeals permit-

---

3. In its Petition for Writ of Certiorari, the Board proposed the following questions for our review:

(1) Whether the Court of Special Appeals failed to properly balance the public's right to have open government meetings with the confidentiality of attorney-client communications when it ruled that the Board of County Commissioners for St. Mary's County was not entitled to enter into [a] closed executive session pursuant to Maryland Annotated Code, Article 24, Section 4–201, *et seq.* to discuss advice it received from its counsel regarding the legality of Respondent's contract of employment?

(2) Whether the Court of Special Appeals improperly deprived Petitioner of its right to appellate review of the circuit court's order that was certified as final pursuant to Maryland Rule 2–602(b)?

4. We recognize that the Circuit Court did not have the benefit of our decision in *Smith v. Lead Industries Association, Inc.*, 386 Md. 12, 871 A.2d 545 (2005), at the time of its action in the present case; yet, the relevant principles there discussed were well established in prior cases.

ted under Maryland Rule 2–602(b); and (3) appeals from interlocutory rulings allowed under the common law collateral order doctrine. We shall revisit the second and third exceptions in the context of the present case.

### III.

██ Maryland Rule 2–602(b) provides:

If the court expressly determines in a written order that there is no just reason for delay, it may direct in the order the entry of a final judgment:

(1) as to one or more but fewer than all of the claims or parties; or

(2) pursuant to Rule 2–501(f)(3), for some but less than all of the amount requested in a claim seeking money relief only.

We have stated that an appeal under 2–602(b) should be allowed in only the "very infrequent harsh case." *Diener Enterprises v. Miller,* 266 Md. 551, 556, 295 A.2d 470, 473 (1972) (Citation omitted).[5] *Cf. Smith,* 386 Md. at 25, 871 A.2d at 552 (noting that the "limited nature of the discretion accorded under Rule 2–602(b) has been confirmed by us on several occasions") (Citations omitted). While the Circuit Court's discretionary authority to direct the entry of a final judgment under Maryland Rule 2–602(b) is reviewable by an appellate court under an abuse of discretion standard, *see Maryland–National Capital Park & Planning Commission v. Smith,* 333 Md. 3, 7, 633 A.2d 855, 857 (1993), "an order which disposes of only part of a single claim is not certifiable under Rule 2–602." *Planning Board v. Mortimer,* 310 Md. 639, 649, 530 A.2d 1237, 1242 (1987) (Citations omitted); *see also Medical Mutual v. Evander,* 331 Md. 301, 309, 628 A.2d 170, 174 (1993). *Cf. Snowden v. Baltimore Gas & Electric,* 300 Md. 555, 560, 479 A.2d 1329, 1332 (1984) (noting that "this Court will dismiss an appeal *sua sponte* when it recognizes that appellate jurisdiction is lacking") (Citation omitted). Thus, as

---

**5.** In *Diener Enterprises, Inc. v. Miller,* 266 Md. 551, 295 A.2d 470 (1972), we examined Rule 605, which is now substantively Maryland Rule 2–602.

this Court stated in *Medical Mutual Liability Insurance Society of Maryland v. Evander, supra,* 331 Md. at 308, 628 A.2d at 173,

> although the trial court in the present case expressly determined that there was no just reason for delay and purported to direct the entry of a final judgment, *the trial court would not be authorized to finalize an order unless, by its nature, that order was final as to a single claim or party.* " 'Such a finding only makes a final order appealable. It cannot make a nonfinal order ... into a final order.' " *Planning Board v. Mortimer, supra,* 310 Md. at 654, 530 A.2d at 1245, quoting *Jursich v. Arlington Heights Fed. Sav. & Loan Ass'n,* 83 Ill.App.3d 352, 38 Ill.Dec. 656, 403 N.E.2d 1260 (1980). (Emphasis added).

"[O]ur cases have made it clear that the disposition of an entire count or the ruling on a particular legal theory does not mean, in and of itself, that an entire 'claim' has been disposed of." *Evander,* 331 Md. at 313, 628 A.2d at 176 (Citations omitted). "Different legal theories for the same recovery, based on the same facts or transaction, do not create separate 'claims' for purposes of the rule." *East v. Gilchrist,* 293 Md. 453, 459, 445 A.2d 343, 346 (1982) (Citations omitted); *see also Evander,* 331 Md. at 313, 628 A.2d at 176 ("What makes claims separate is *not* whether they are pled in separate counts or embody separate legal theories.") (Emphasis in original). "The existence of multiple claims ultimately depends upon whether the 'aggregate of the operative facts' presented states more than one claim which can be separately enforced." *Diener Enterprises,* 266 Md. at 556, 295 A.2d at 473 (Citations omitted). Furthermore, "an order which decides that there is liability, or which resolves some liability issues in favor of a party seeking damages, but fails to make a determination with regard to the amount of damages, does not dispose of an entire claim and cannot be made final and appealable under Rule [2–]602(b)." *Shenasky v. Gunter,* 339 Md. 636, 638, 664 A.2d 882, 883 (1995) (Citations omitted).

In the present case, Lacer filed a Complaint against the Board in the Circuit Court alleging breach of contract,

wrongful discharge, a violation of the Maryland Wage Payment and Collection Law, and a violation of the St. Mary's County Open Meetings Act. In its order entered on 15 September 2003, the Circuit Court did not settle completely any of the matters in controversy or adjudicate completely the rights and liabilities of the parties. *See Mortimer,* 310 Md. at 653, 530 A.2d at 1244. Further, none of the pending claims were withdrawn by Lacer. We need not determine presently the total number of wholly separate claims that Lacer asserted because none of the asserted theories were resolved finally by the 15 September 2003 order.[6] The theory of recovery seemingly closest to being settled by the order—breach of contract, was still incompletely resolved because a determination regarding the amount of damages remained open. *See Shenasky,* 339 Md. at 638, 664 A.2d at 883. Accordingly, the Court of Special Appeals was correct in declining appellate review of those portions of the Circuit Court's order, certified as a final judgment under Maryland Rule 2–602(b).

### IV.

The Court of Special Appeals concluded, however, that the collateral order doctrine enabled appellate review of

---

6. We note, however, that for multiple claims to exist the aggregate of the operative facts must demonstrate that each claim can be enforced separately. *Diener Enterprises,* 266 Md. at 556, 295 A.2d at 473. During the motions hearing before the Circuit Court, in arguing a violation of the St. Mary's County Open Meetings Act, Maryland Code (1957, 2001 Repl.Vol.), Article 24, § 4–201, *et seq.,* Lacer's counsel stated that

 [The Board has] acted illegally, and if [it] ha[s] acted illegally the Court doesn't even need to address the second argument, that being the voidability of the contract.... It is our contention that if the Board has acted illegally because of [its] violation of the Open Meeting Act, [ ] that will be the end of the issue because Mr. Lacer will be entitled to be reinstated, will be entitled to his back pay and be put back in status quo.

 * * *

 If the Court doesn't rule favorably on that then we get to the second issue with respect to the voidability or not of the contract. And then once we get there, then the third contention of Mr. Lacer is that the Board has acted spitefully and in bad faith.

the discovery portion of the Circuit Court's order. The collateral order doctrine was recognized by the U.S. Supreme Court in *Cohen v. Beneficial Industrial Loan Corporation*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). This doctrine treats a "narrow class" of interlocutory orders as final judgments regardless of the posture of the case. *In re Franklin P.*, 366 Md. 306, 326, 783 A.2d 673, 685 (2001); *Harris v. Harris*, 310 Md. 310, 315, 529 A.2d 356, 358 (1987). This reprieve from the final judgment requirement, however, is a "very narrow exception." *Pittsburgh Corning v. James*, 353 Md. 657, 660, 728 A.2d 210, 211 (1999).

 The collateral order doctrine permits an appeal from an order that satisfies the following four requirements:

(1) it must conclusively determine the disputed question;

(2) it must resolve an important issue;

(3) it must be completely separate from the merits of the action; and

(4) it must be effectively unreviewable on appeal from a final judgment.

*Town of Chesapeake Beach v. Pessoa*, 330 Md. 744, 755, 625 A.2d 1014, 1019 (1993) (citing *Peat & Co. v. Los Angeles Rams*, 284 Md. 86, 92, 394 A.2d 801, 804 (1978)). As we have noted repeatedly, for a non-final judgment to be appealable under the collateral order doctrine each of the four elements must be satisfied. *In re Foley*, 373 Md. 627, 634, 820 A.2d 587, 591 (2003) (quoting *In re Franklin P.*, 366 Md. at 327, 783 A.2d at 686, and citing *Jackson v. State*, 358 Md. 259, 266–67, 747 A.2d 1199, 1203 (2000)). "[I]n Maryland the four requirements of the collateral order doctrine are very strictly applied, and appeals under the doctrine may be entertained only in extraordinary circumstances." *In re Foley*, 373 Md. at 634, 820 A.2d at 591 (Citations omitted).

 As Judge Eldridge wrote for us in *In re Foley*, *supra*, 373 Md. at 634, 820 A.2d at 591–92, "[t]his Court has consistently held that discovery orders, being interlocutory in nature, are not ordinarily appealable prior to a final judgment terminating the case in the trial court." (quoting *Montgomery*

*Co. v. Stevens,* 337 Md. 471, 477, 654 A.2d 877, 880 (1995), and citing *Goodwich v. Nolan,* 343 Md. 130, 141 n. 8, 680 A.2d 1040, 1045 n. 8 (1996)) (Internal quotations omitted). "[G]enerally such orders do not meet the requirements of the collateral order doctrine." *In re Foley,* 373 Md. at 634, 820 A.2d at 592. In fact, "discovery orders are only rarely appealable under the collateral order doctrine." *In re Foley,* 373 Md. at 636, 820 A.2d at 592. "The only circumstance in which we have upheld the appealability of interlocutory discovery orders involves a singular situation far removed from the facts of [*In re Foley* ]." *In re Foley,* 373 Md. at 636, 820 A.2d at 592–93 (citing *Montgomery Co.,* 337 Md. at 471, 654 A.2d at 877, and *Public Service Comm'n v. Patuxent Valley,* 300 Md. 200, 477 A.2d 759 (1984)).

As Judge Eldridge further explained for the Court more recently, in *St. Joseph Medical Center, Inc. v. Cardiac Surgery Associates, P.A.,* 392 Md. 75, 896 A.2d 304 (2006), "[t]he 'singular situation,'[1] in which this Court has held that interlocutory discovery orders are appealable under the collateral order doctrine, involves trial court orders permitting the depositions of high level government decision makers for the purpose of extensively probing their individual decisional thought processes." (citing *Montgomery Co.,* 337 Md. at 479, 654 A.2d at 881, and quoting *Patuxent Valley,* 300 Md. at 207, 477 A.2d at 763) (Internal quotations omitted).

In the present case, the Court of Special Appeals determined that the discovery provision of the Circuit Court's order was reviewable under the collateral order doctrine. The intermediate appellate court reasoned that

[t]he discovery provisions in the order at issue provide[ ] for the ascertainment of "critical facts" that are of consequence to the ultimate outcome of the case. *See In re Foley, supra,* 373 [Md.] at 635, [, 820 A.2d at 592] (2003). Those provisions, however, (1) conclusively determine that high level (local) government decision makers must appear for depositions, and (2) present the important question of whether "disruption of the government process" will result from discovery into the decision making process of high level

government officials. Because [Lacer's] entitlement to judicial relief may be completely distinct from the Board's opinion as to whether it was entitled to terminate [Lacer's] contract, the discovery provisions are sufficiently "separate" from the merits of the action. Finally, if the discovery provisions could not be reviewed at this point, the Board's right to protect its members against "extensive probing of their individual decision[al] thought processes would irretrievably be lost.[" *Patuxent Valley*, 300 Md. at 207, 477 A.2d at 763.]

■ Proceeding directly to the fourth required element of the collateral order doctrine—the order must be effectively unreviewable on appeal from a final judgment—we conclude that the discovery provision of the Circuit Court's order in the present case does not satisfy this requirement. *See Nnoli v. Nnoli*, 389 Md. 315, 329, 884 A.2d 1215, 1223 (2005) ("In particular, the fourth prong, unreviewability on appeal, is not satisfied except in extraordinary situations.") (Citations omitted) (Internal quotations omitted). While we appreciate the sensitivity of the Court of Special Appeals that a meaningful challenge to the allowed probing of the Board members' thought processes might be lost if such a contention were not resolved on appeal until following a trial, *see Montgomery Co.*, 337 Md. at 479–80, 654 A.2d at 881; *Patuxent Valley*, 300 Md. at 207, 477 A.2d at 763, we perceive that the more limited inquiry permitted by the Circuit Court's order, with respect to Lacer's requested relief under the St. Mary's County Open Meetings Act, pertains to functional aspects of the closed session discussion and not the thought processes of the decision-makers. Thus, unlike the discovery orders in *Montgomery County* and *Patuxent Valley*, which would have permitted inquiry into the mental processes of high level government decision-makers in the very limited circumstances there presented, the discovery provision of the Circuit Court's order here permits only an objective investigation into the facial statements and actions of the Board during the closed session meeting, but not the subliminal thoughts of the speakers or actors. The decision whether to admit into evidence the fruit

of this type of inquiry and response would be reviewable adequately upon the conclusion of trial and entry of final judgment.[7] Because all four of the elements must be met before an appeal may proceed under the collateral order doctrine, we conclude that the discovery provision of the Circuit Court's order, entered on 15 September 2003, is not reviewable at this time.

JUDGMENT OF THE COURT OF SPECIAL APPEALS VACATED; CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO DISMISS THE APPEAL. COSTS IN THIS COURT AND COURT OF SPECIAL APPEALS TO BE PAID BY COUNTY COMMISSIONERS FOR ST. MARY'S COUNTY.

---

7. Similar to the Court of Special Appeals, this Court expresses no opinion about whether the information obtained during discovery from a Board member's deposition ultimately would be admissible during trial.